**Application of William H. SUMMERSON.**

**Patent Appeal No. 7427.**

United States Court of Customs and Patent Appeals.

May 20, 1965.

Eric Y. Munson, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 1 through 4 of patent application serial No. 846,762, filed October 15, 1959, for "Photometer Scale." No claim has been allowed.

The invention is a numerical scale adapted for use with a photoelectric colorimeter of the type employed by analytical chemists for comparison of the color intensity of a colored substance in solution in unknown concentration with the color intensity of a separately prepared solution of the same substance in known concentration. An example is the Klett-Summerson Photometer.

Appellant's specification says it "was established some time ago that the color intensity of a colored solution is directly proportional to the concentration of colored substance present. * * * Since colored solutions absorb light at certain wave lengths, if a light beam of the proper wave length is being used [i. e., directed through the solution], the beam will be attenuated or diminished in intensity as it passes through the colored solution." The specification goes on to point out that the degree of attenuation will therefore be determined by the intensity of color in the solution.

While intensity of color and concentration of the solution are directly proportional, the "transmittance" of light through the solution and concentration are not so related. Transmittance is defined as the ratio of the intensity of the beam just after it leaves the solution (the emergent intensity I) to the intensity of the beam just before it enters the solution (the incident intensity $I\delta$).

Thus, if any light at all is absorbed in passing through the solution, the transmittance [1] value will be less than 1.0 and will be related to the amount of colored substance in the solution, a low transmittance corresponding to a high concentration and vice versa.

The relationship between transmittance and concentration of solution is found in the well-known Beer's Law, the mathematical expression of which is:

$$-\log T = kc$$

wherein T is the transmittance, k is a proportionality constant, and c is the concentration of colored substance in solution. The left-hand side of the equation as written, the negative logarithm of the transmittance, is also called the "optical density," conventionally designated D. It can be seen that whereas transmittance T and concentration c are not directly proportional, optical density D and concentration are. Appellant's Table 3 aptly illustrates this point:

TABLE 3

| Solution | Concentration of Colored Material | Per Cent Transmittance | Optical Density | [Appellant's] Scale Reading |
|---|---|---|---|---|
| 1 | 0 | 100 | 0.000 | 0 |
| 2 | a | 90 | 0.046 | 23 |
| 3 | 2a | 81 | 0.092 | 46 |
| 4 | 3a | 73 | 0.138 | 69 |
| 5 | 4a | 66.5 | 0.184 | 92 |

All appealed claims begin with the expression "A scale of calibrations for use in connection with a photometer * *." Claim 2 is illustrative:

"2. A scale of calibrations for use in connection with a photometer in which the expression of color intensity is indicated in whole numbers as distinguished from decimal fractions."

The references are:

| | | |
|---|---|---|
| Rockwell | 2,235,590 | Mar. 18, 1941 |
| Gillett et al. | 2,356,238 | Aug. 22, 1944 |
| Sweet | 2,406,716 | Aug. 27, 1946 |

An understanding of the prior art and the differences between it and the claimed invention can be obtained from the following excerpt from appellant's brief:

" * * * Gillett and the appellant are applying the same fundamental laws of physics and optics to the measurement of light transmission, laws which are well known to all familiar with the state of the art. What appellant claims is an innovation in the application of these laws, and which represents a patentable improvement over the state of the art. Gillett carried the state of the art to the point represented by appellant's Table 2 [identical to Table 3 except the right-most column is absent]. Appellant has carried the art a step further, or to the point represented by appellant's Table 3, and *particularly the scale units represented by the extreme right-hand column* of this Table. It is believed that the progression from Table 2 to Table 3 in this application is signifi-

1. Frequently, the term "per cent transmittance" is used and is defined as 100 x I/I₀.

cant, noteworthy, and is not obvious * * *." [Emphasis ours.]

Thus, appellant's scale is obtained by multiplying the figures of an admittedly old optical scale, which gives readings in decimal fractions, by a constant, 500, to convert the decimal readings to convenient whole numbers. The specification describes the invention as having been "obtained by taking the figures of the optical density scale, dropping their decimal points, and dividing by two."

The examiner rejected the claims "as unpatentable over any one of Sweet, Rockwell, Jr. or Gillett et al * *. *." His position, affirmed by the board, was that "To make the scale readings in whole numbers rather than in decimals by multiplying by a constant would be a matter of choice achieving only the obvious result desired."

We agree with the examiner and the board. While appellant alleges his scale to be "realistic within the reading accurracy of the photometer, and to retain the advantage of a linear relation between optical density, or its equivalent, and concentration," and to involve more "simple units" than the prior art scales, we do not feel that any or all of these features render the claimed scale *unobvious* within the meaning of 35 U.S.C. § 103, upon which the examiner's rejection must be based.

To be sure, the working range of appellant's scale is 0 to 500 instead of 0.000 to 1.000, as on the prior art optical density scale, for transmittances in the practical operational range of 100% to about 10%, but we fail to see here anything more than the arbitrary selection of whole numbers by one who prefers them to decimals, a selection well within the most ordinary skill in the art of instrument making.

Claims 1 to 4 were further rejected "as involving subject matter outside the statutory classes of invention" (35 U.S.C. § 101), the contention being that the claimed invention amounts to printed matter containing no novel physical structure or relationship thereto. Since we agree with the board that the invention is obvious, we find it unnecessary to pass on this rejection.

The decision of the board is affirmed.

Affirmed.